## STATE *v.* SAVAGE.

An indictment charging a respondent with being a common seller of liquors, must also allege that respondent is not an agent licensed to sell under the statute, otherwise the indictment will be bad.

An agent for the sale of liquors under the statute cannot be indicted as a common seller.

INDICTMENT alleging that the defendant on the 1st of March, 1867, at Lancaster, was knowingly an unlawful, criminal and common seller of spirituous and intoxicating liquor, contrary to the provisions of an act passed June session, 1855, entitled " An act for the suppression of intemperance," approved June 14, 1855. The indictment did not allege that the defendant was not an agent of the town for the purchase and sale of spirituous and intoxicating liquors for the purpose allowed by law.

The counsel for the State, in opening his case to the jury, stated that the illegal sales and common selling complained of were while the defendant held the office of agent for the purchase and sale of spirituous and intoxicating liquors in Lancaster; that the selling by the defendant complained of was not for any of the purposes allowed by the statute; but that the liquor was sold as a beverage and drunk on the premises, without any inquiry as to the reasons for purchasing it, and that no account was kept of those sales as is required by the statute.

The counsel for the defendant objected that, on this statement, the prosecution could not be maintained, because the defendant at the time when he was alleged to be a common seller of spirituous and intoxicating liquors was the agent of the town for the sale of such liquors, appointed under the statute. He also moved that the indictment be quashed because it contained no averment that the defendant was not such agent at the time when he was alleged to be a common seller of such liquors.

The cause was taken from the jury by agreement, and the questions arising on the foregoing case were reserved.

*Solicitor* for State.

*Fletcher & Haywood, Burns* and *Buckingham*, for defendant.

SARGENT, J. This indictment was found before the act of 1855 was repealed, and is therefore properly described as being a violation of that statute. Section 3 of that act provides that if any person shall be a common seller of spirituous liquors, &c., without being duly appointed as provided in this act, he shall forfeit and pay, &c. Section 8 of the same act provides that if any such agent shall knowingly sell any spirituous liquors, &c., for any other purpose than those for which he is authorized to sell the same, by the provisions of this act, or shall knowingly and intentionally violate any of the rules, &c., he shall be punished, &c.

A person who is an agent can only be guilty of knowingly selling liquors for some other purpose than those specified. His appointment as agent makes him a common seller for all the purposes specified, and it is only where a man is a common seller without being appointed an agent that the law makes him liable to punishment.

Under this law a man may be indicted for being a common seller, without being duly appointed as agent; or, being appointed as agent and being thus authorized to be a common seller within certain limits, he may be indicted as such agent, for improper sales, such as are not authorized by his appointment. But an agent cannot be indicted for being a common seller.

The same distinction is preserved and made more prominent in the General Statutes. To charge a man with being a common seller, under section 3, the indictment must allege that the respondent was not an agent, and without this latter allegation no offence is charged. This is an exception or qualification, contained in the same clause of the act which enacts the offence, and by a well settled rule the indictment must allege that the respondent does not come within the exception or qualification. *State* v. *Fuller*, 33 N. H. 259; *State* v. *McGlynn*, 34 N. H. 422.

*Indictment quashed.*